An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHEKHAWATI ART EXPORTS, A
FOREIGN CORPORATION OR
BUSINESS ENTITY,
Appellant,
vs.
MONSOON PACIFIC, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
PATRICK B. HENNESSY, AN
INDIVIDUAL,
Respondents.

No. 65281

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING*

This is an appeal from a district court default judgment in a contract and tort action. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant contends that the district court abused its discretion when it refused to set aside the entry of default. *See Intermountain Lumber & Builders Supply, Inc. v. Glens Falls Ins. Co.*, 83 Nev. 126, 130, 424 P.2d 884, 886 (1967) (recognizing that the refusal to set aside a default under NRCP 55(c) is discretionary with the district court). Based on the arguments made to the district court, we conclude that the district court was within its discretion when it determined that appellant lacked good cause to set aside the entry of default.[1] *See id.* (noting that this court's preference for deciding cases on their merits "will not allow us to

---

[1]Because appellant's argument regarding dismissal under NRCP 16.1(e) is predicated on the success of its argument regarding NRCP 55(c), we need not further consider that argument.

15-15527

overrule an exercise of discretion below when the rules governing the vacation of a default have not been met").

Appellant also contends that the district court's damages award was not based upon a reasonable methodology and was instead based upon speculation. *See Franchise Tax Bd. of Cal. v. Hyatt*, 130 Nev. Adv. Op. No. 71, 335 P.3d 125, 156 (2014) ("Damages cannot be based solely upon possibilities and speculative testimony." (internal quotation omitted)). Specifically, appellant contends that respondent Monsoon Pacific had an exclusive distributorship for only shisham wood products manufactured by appellant, but that the district court based its damages award on *all* of the products manufactured by appellant. Having considered this contention, we agree that the methodology used by the district court to compute damages is inconsistent with the district court's finding regarding the scope of the parties' distributorship agreement.[2] Consequently, we are unable to affirm the damages award. *See id.*

Consistent with the foregoing, we affirm the appealed judgment insofar as the district court declined to set aside the entry of default and determined that respondents were entitled to a default judgment. We vacate the damages award, however, and remand this matter to the district court so that it may render an award that is

---

[2]In particular, the district court found that the parties' agreement provided Monsoon Pacific with exclusive distributorship rights for "all Shekhawati shisham wooden furniture." Respondents have not addressed appellant's argument regarding this finding and the finding's effect on the damages calculation, and it is otherwise unclear from the record whether this was the district court's intended finding regarding the scope of the parties' agreement.

consistent with the district court's determination regarding the scope of the parties' agreement.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Jerome Polaha, District Judge
Law Offices of John P. Springgate
Robison Belaustegui Sharp & Low
Michael J. Morrison
Washoe District Court Clerk

---

[3]In light of this disposition, we need not address appellant's additional arguments regarding the purported inaccuracies in the district court's damages calculation.